UNITED STATES DISTRICT COURT
THE DISTRICT OF UTAH

| | |
|---|---|
| ATOFVIO JKELL TOWNSEND,<br>　　Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br>　　Defendants. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case: 2:24-cv-00625<br>) Assigned To : Oberg, Daphne A.<br>) Assign. Date : 8/22/2024<br>) Description: Townsend v. Synchrony Bank<br>)<br>) |

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 22 2024

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Atofvio Jkell Townsend, by and through the undersigned counsel, and for his Complaint against Defendants, Synchrony Bank ("Synchrony") for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"),specifically focusing on 15 U.S.C. § 1681s-2(b), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the federal claims under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

3. Plaintiff resides in the city of Midvale, in Salt Lake County, Utah.

4. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Midvale, a part of Salt Lake County, UT 84047, making the Utah Division a proper venue under 28 U.S.C. § 1391(b)(2).

5. Defendant Synchrony Bank, a national banking association headquartered in Stamford, Connecticut, does business throughout the state of Utah, including the city of Midvale, UT.

6. Defendant Synchrony Bank has actual knowledge of where Plaintiff resided, and by furnishing inaccurate credit information about Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

## **STANDING**

7. Plaintiff has a congressionally defined right to have accurate information reported to credit reporting agencies.

8. Defendant's credit reporting and/or failure to properly dispute information violated the FCRA.

9. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. In Spokeo, Inc v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Additionally, in Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995), the court held that a plaintiff suffers a legally cognizable injury when inaccurate information is reported on their credit report.

10. Plaintiff, Atofvio Jkell Townsend (hereafter "Plaintiff"), is a natural person currently residing in Salt Lake County, in the state of Utah.

11. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Defendant Synchrony Bank is a national banking association engaged in the business of providing consumer credit accounts.

13. Defendant Synchrony Bank is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C § 1681s-2(b).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person who has accounts with Defendant Synchrony Bank, including SYNCB/HomeStores, SYNCB/HomeDesigns, and SYNCB/PPC.

15. On or about June 7, 2024, Plaintiff disputed the accuracy of the information related to the SYNCB/HomeStores, SYNCB/HomeDesigns, and SYNCB/PPC accounts with the consumer reporting agencies, specifically TransUnion LLC, located at PO Box 2000, Chester, PA 19016.

16. TransUnion received the letter sent by Plaintiff.

17. TransUnion transmitted notice of this dispute to Synchrony via an Automated Credit Dispute Verification form ("ACDV")

18. Synchrony was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

19. Plaintiff's dispute included detailed information indicating the inaccuracies in the reporting of the above-mentioned accounts, such as incorrect balances, payment histories, and account statuses.

20. After receiving this notice, in any subsequent voluntary reporting, Synchrony must then include the dispute notation on said account.

21. On or about July 24, 2024, Plaintiff received a response from TransUnion which failed to adequately address the disputes and did not correct the inaccuracies.

22. THE FCRA section 1681s-2(b) contemplates three potential ending points to re-investigation: verification of accuracy, a determination of inaccuracy or incompleteness, or determination that the information "cannot be verified." See 15 USC 1681s-2(b)(1)(E).

23. The consumer reporting agency, TransUnion, notified Synchrony Bank of the disputes.

24. Synchrony Bank received notification of the disputes and was required to conduct a reasonable investigation into the disputed information.

25. Synchrony Bank failed to conduct a proper investigation into Plaintiff's disputes.

26. Synchrony Bank continued to report inaccurate information regarding the SYNCB/HomeStores, SYNCB/HomeDesigns, and SYNCB/PPC accounts to the consumer reporting agencies even after being notified of the disputes.

27. The reporting of the debt contains an inaccurate balance.

28. The reporting of the debt contains an inaccurate status.

29. The reporting of the debt contains inaccurate delinquency information.

30. The reporting of the debt contains inaccurate dispute information.

31. When the consumer reporting agencies' re-investigation results said "verified" that was a violation because Furnisher didn't possess account-level documentation such as proof.

32. When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn to whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will normally be reserved for trial.

33. Furnisher has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that has been disseminated to various persons and credit grantors, both known and unknown from at least DATE through the present.

34. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

35. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

36. Synchrony Bank failed to review all relevant information provided by the consumer reporting agencies and Plaintiff in the course of the investigation.

37. As a result of Synchrony Bank's failure to conduct a proper investigation and correct the inaccuracies, Plaintiff's credit reports continued to reflect incorrect and misleading information, causing harm to Plaintiff's creditworthiness and credit standing.

38. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, denial of credit, stress, anxiety, headaches, and sleeplessness, as a result of Furnisher's conduct.

39. Furnisher's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s-2(b) of the FCRA.

40. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, denial of credit, stress, anxiety, headaches, and sleeplessness, as a result of Synchrony's conduct

41. As a result of Synchrony's failure to conduct a reasonable investigation and correct the inaccuracies, Plaintiff has suffered damages including, but not limited to, denial of credit, higher interest rates, and emotional distress.

## COUNT I: VIOLATION OF 15 U.S.C. § 1681s-2(b) - DUTIES OF FURNISHERS OF INFORMATION

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43. Defendant Synchrony Bank violated 15 U.S.C. § 1681s-2(b) by continuing to report the Synchrony tradelines within Plaintiff's credit file with TransUnion without also including a notation that this debt was disputed; by failing to review all relevant information regarding same; by failing to accurately respond; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Synchrony tradelines to the consumer reporting agencies.

44. Defendant Synchrony Bank failed to update and correct the inaccurate information in Plaintiff's credit files after being notified of the disputes by the consumer reporting agencies. This failure continued to harm Plaintiff by allowing the inaccurate information to remain on his credit reports, adversely affecting his creditworthiness and credit standing.

45. Defendant Synchrony Bank continued to report inaccurate information regarding the disputed accounts to the consumer reporting agencies without noting that the accounts were disputed, in violation of 15 U.S.C. § 1681s-2(b)(1)(C) and (D).

46. As a result of Defendant Synchrony Bank's failure to fulfill its duties under 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages, including but not limited to, denial of credit, increased interest rates, loss of opportunity, and emotional distress, including anxiety and humiliation.

47. Defendant Synchrony Bank's conduct was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant's conduct was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and fees from Defendant Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

49. Case law supports Plaintiff's claims. In Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142 (4th Cir. 2008), the court held that a furnisher of information under the FCRA must conduct a reasonable investigation of disputed information and that a failure to do so can result in liability for willful noncompliance under 15 U.S.C. § 1681n.

50. Additionally, in Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009), the Ninth Circuit emphasized that furnishers must not only investigate disputes forwarded by a credit reporting agency but must also correct any inaccuracies found during the investigation. The court further stated that failing to indicate that a debt is disputed can give rise to a claim under the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Atofvio Jkell Townsend, prays that this Court:

A. Declare that Synchrony Bank's actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Atofvio Jkell Townsend, and against Synchrony Bank, for actual and statutory damages, punitive damages, costs, and attorney's fees as provided by 15 U.S.C. § 1681n;

C. Alternatively, enter judgment in favor of Plaintiff Atofvio Jkell Townsend, and against Synchrony Bank, for actual damages, costs, and attorney's fees as provided by 15 U.S.C. § 1681o;

D. Order Synchrony Bank to correct Plaintiff's credit reports to accurately reflect the disputed information and to mark the accounts as disputed;

E. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 21, 2024

8308 S
Wood St.
Midvale UT
84047

Respectfully submitted,
/s/Atofvio Townsend
Atofvio Townsend
atofviotownsend@gmail.com
(623) 703-1570