UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ATOFVIO JKELL TOWNSEND,<br><br>Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOC. NO. 9)**<br><br>Case No. 2:24-cv-00625<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Atofvio Jkell Townsend, proceeding without an attorney, brought this case against Synchrony Bank, alleging violations of the Fair Credit Reporting Act.[1] Synchrony filed an answer, asserting twenty-two affirmative defenses.[2] Mr. Townsend moves to strike thirteen of Synchrony's affirmative defenses,[3] arguing they fail to meet pleading standards in *Ashcroft v. Iqbal*.[4] Synchrony filed an opposition, arguing *Iqbal* does not apply to affirmative defenses.[5] Mr. Townsend did not reply. Because

---

[1] (Compl., Doc. No. 1.)

[2] (Answer, Doc. No. 5.)

[3] (Mot. to Strike Affirmative Defenses of Def. Synchrony Bank, Doc. No. 9.)

[4] 556 U.S. 662 (2009).

[5] (Def. Synchrony Bank's Opp'n to Pl.'s Mot. to Strike Defenses of Def. Synchrony Bank, Doc. No. 11.)

Synchrony's affirmative defenses meet the relevant pleading standard, and *Iqbal* does not apply, Mr. Townsend's motion is denied.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[6] But "motions to strike are disfavored and striking a defense is a drastic remedy."[7]

Rule 8(c) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense," including specified defenses listed in the rule.[8] The "ultimate purpose" of this rule is "simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."[9] Courts have rejected the notion that the claim pleading standards established in *Bell Atlantic Corp. v. Twombly*[10] and *Iqbal* apply to affirmative defenses.[11]

---

[6] Fed. R. Civ. P. 12(f).

[7] *Tiscareno v. Frasier*, No. 2:07-cv-00336, 2012 U.S. Dist. LEXIS 55553, at *36 (D. Utah Apr. 19, 2012) (unpublished); *see also Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932) ("[T]he court should proceed with extreme caution in striking a pleading.").

[8] Fed. R. Civ. P. 8(c)(1).

[9] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (citation omitted).

[10] 550 U.S. 544 (2007).

[11] *See, e.g.*, *Tiscareno*, 2012 U.S. Dist. LEXIS 55553, at *39, 43 (finding the *Twombly/Iqbal* standard inapplicable to affirmative defenses, and noting "the language of Rule 8 does not compel courts to apply the same pleading standard to both complaints and affirmative defenses pled in responsive pleadings"); *Sexton v. Evergreen Vill. Cmty. MHC, LLC*, No. 2:19-cv-00675, 2020 U.S. Dist. LEXIS 257701, at

Rather, a party need only provide "a 'short and plain' statement of each affirmative defense intended to be brought at trial."[12]

Here, Synchrony provided a short and plain statement of each affirmative defense, sufficient to give Mr. Townsend notice of the issues which may be raised at trial. The *Iqbal* pleading standard does not apply, and Mr. Townsend has offered no other basis to strike the defenses. Accordingly, Mr. Townsend's motion to strike[13] is denied.

DATED this 19th day of May, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

*3–4 (D. Utah July 20, 2020) (unpublished) ("[T]he defendant is not required to plead sufficient facts in the answer to state a plausible defense."), *R. & R. adopted*, 2020 U.S. Dist. LEXIS 221585 (D. Utah Nov. 24, 2020) (unpublished); *Macbean v. Farmers New World Life Ins. Co.*, No. 2:17-cv-00131, 2018 U.S. Dist. LEXIS 99145, at *13 (D. Utah June 12, 2018) (unpublished) ("Affirmative defenses not listed in Rule 9(b) are subject to a lesser pleading standard than required for pleading an affirmative claim in a complaint.").

[12] *Tiscareno*, 2012 U.S. Dist. LEXIS 55553, at *46 (citations omitted).

[13] (Doc. No. 9.)